# Fulkroad v. Ofak

*Gregory M. Kerwin*, for plaintiffs.

*John R. Zonarich*, for defendant.

ADJUDICATION BY LIPSITT, J., JUNE 8, 1981:

The plaintiffs, Ida M. Fulkroad and Carl F. Bonawitz, administrators of the estate of Warren D. Bonawitz, deceased, brought this action in equity against the defendant, Frances A. Runkle Ofak, seeking the payment to the said estate of four thousand dollars ($4,000) disbursed to her by the Phoenix Mutual Life Insurance Company as the designated beneficiary of the decedent in a group life insurance program provided employees of the Brubaker Tool Corporation, Millersburg, Pennsylvania. Warren D. Bonawitz had been employed by the Brubaker Tool Corporation as a tool maker from July 6, 1970 until the time of his death on April 28, 1980.

After hearing testimony, the Chancellor makes the following

## Findings of Fact

1. Warren D. Bonawitz died intestate on April 28, 1980 and letters of administration were granted to Ida M. Fulkroad and Carl F. Bonawitz, the sister and brother of the decedent.

2. By order of court entered August 11, 1954, to No. 151 June Term, 1954 in the Court of Common Pleas of Dauphin County, Pennsylvania, the said Warren D. Bonawitz was declared to be an incompetent within the meaning of the Incom-

petents' Estates Act of 1951. Alvin Bonawitz, a brother, was appointed guardian.

3. From August 11, 1954 until May 28, 1969, the said Warren D. Bonawitz was a patient at the Harrisburg State Hospital. He was readmitted on August 25, 1969 and discharged permanently on January 24, 1970.

4. During the period of time that Warren D. Bonawitz was a patient at the Harrisburg State Hospital, he was befriended by the defendant, then Frances A. Runkle, now Ofak, who was an employee of the State Hospital. Both the defendant, a nurse, and her husband performed various services for Bonawitz with no expectation of payment, which included taking him to buy shoes, taking him to be fitted for eyeglasses and inviting him to share an occasional holiday meal with them. During his fifteen year stay at the hospital, members of his immediate family seldom took him out of the hospital or visited him.

5. On July 6, 1970, Warren D. Bonawitz became employed at Brubaker Tool Corporation, Millersburg, Pennsylvania.

6. The said Warren D. Bonawitz continued the said employment until the time of his death on April 28, 1980.

7. On August 20, 1970, said Warren D. Bonawitz executed in writing a designation of beneficiary form for group life insurance provided employees by said Brubaker Tool Corporation. In the form Warren D. Bonawitz designated the defendant, Frances A. Runkle, as primary beneficiary for said group life insurance benefits. The said Frances A. Runkle is now known as Frances A. Runkle Ofak and was not related in any way to Warren D. Bonawitz.

8. By reason of said group life insurance, on or about June 1, 1980, the insurance carrier, Phoenix Mutual Life Insurance Company, Hartford, Connecticut, paid a sum in excess of four thousand dollars ($4,000) to the defendant, Frances A. Runkle, on account of the death of Warren D. Bonawitz.

9. The said insurance policy represented a contract between Warren D. Bonawitz' employer, to wit, Brubaker Tool Corporation and Phoenix Mutual Life Insurance Company.

10. The designation of Frances A. Runkle as primary

beneficiary on the policy by Warren D. Bonawitz constituted a gift to the defendant by Warren D. Bonawitz.

11. At no time since August 11, 1954, until the time of his death, was the said Warren D. Bonawitz ever declared mentally competent by any court.

12. The plaintiffs have demanded of the defendant that she turn over to the estate of Warren D. Bonawitz all insurance proceeds derived from said policy on account of the death of Warren D. Bonawitz, but the defendant has refused to turn over any portion of said money.

13. Dr. Julius H. Anderson, the senior assistant physician and director of Cumberland and Perry Units. of the Harrisburg State Hospital, testified he was familiar with Warren D. Bonawitz as a patient and in response to the statement by relatives that the reason they rarely visited him was on the advice of a doctor, Dr. Anderson stated that it may have been a temporary restraint on visits but there was no evidence that the family was excluded completely during the course of stay between August 11, 1954 and May 23, 1969.

14. During his stay at the hospital, Mr. Bonawitz evidenced a distrust for his relatives.

15. Dr. Anderson testified that at the time of Mr. Bonawitz being placed on leave of absence, he was in good physical health and was stable emotionally and mentally.

16. Clarence Jury, general foreman for Warren D. Bonawitz at Brubaker Tool Corporation, testified that he was present when Warren D. Bonawitz came on board on July 6, 1970 and was his foreman at that time. Warren D. Bonawitz worked under the supervision of Clarence A. Jury for approximately ten years. This time frame spanned the inception of his employment to roughly the date of death. Bonawitz was described by Mr. Jury as being conscientious towards his work. Bonawitz initially held a position as laborer and advanced to a cylindrical or a wet grinder. In the course of his work he used such instruments as a micrometer and dial indicator. Mr. Jury felt Mr. Bonawitz was not treated any differently than any other employees of Brubaker despite their knowledge that he had at one time been in the Harrisburg State Hospital.

17. During the time that Mr. Bonawitz worked at Brubaker Tool Corporation, he lived at Hotel Garnet, Millersburg, Pennsylvania, by himself. Mr. Bonawitz bought his own groceries, paid his own bills and had his own checking account.

18. During the entire time that Warren D. Bonawitz worked for Brubaker Tool, his guardian never contacted the employer. The guardian never administered any of the funds he earned from his employment.

19. Upon many occasions after leaving the hospital and prior to his death, Bonawitz visited Frances A. Runkle Ofak and her family in Enhaut, Pennsylvania.

## Discussion

The principal issue is whether the decedent as a mentally incapacitated person was capable of making a gift to Frances A. Runkle Ofak or designating her as his beneficiary in an instrument in writing. The plaintiffs point to the current statute, Section 5524 of the Probate, Estates and Fiduciaries Code, which provides that an incompetent is incapable of making a gift or any instrument in writing after he is adjudged incompetent and before he is adjudged to have regained his competency. There are, of course, many cases where the courts have held transactions executed by incompetents to be void and a review of these cases would serve little purpose.

The defendant argues that despite the statutory provision, an adjudication of mental incapacity prior to the execution of a will does not command the conclusion that such will is invalid and when a testator has been adjudged incompetent, it merely shifts the burden to the proponents of a will to prove testamentary capacity: *Lanning's Est.*, 414 Pa. 313; *Mohler's Est.*, 343 Pa. 299. And it is asserted the designation of a revocable beneficiary on a life insurance policy should be judged by the same principles as the writing of a will. Having his own residence, holding a good job, handling his own checking account and generally conducting his own affairs, established a capacity to make a testamentary disposition, according to the defendant.

The instant case is one of first impression in Pennsylvania courts. As such, a decision is not easily reached. The simple approach would be a strict resort to the words of the statute.

Warren D. Bonawitz was adjudged incompetent and never adjudged to regain his competency.

However, analogizing the circumstances to will cases, the evidence in the instant situation discloses the decedent was able to transact ordinary business affairs without any significant contribution from others. He did contract with the union and Brubaker Tool Corporation to obtain his job, and the policy in question arose out of an agreement between the union and Brubaker Tool. The selection of a revocable beneficiary on a life insurance policy is testamentary in nature, and a person has a right to control his property as he wishes. The evidence shows he withheld reliance upon his family and because Frances A. Runkle Ofak had befriended, and in a limited sense, looked after him, she became the logical object of his bounty. She assisted him at various times but her associations with decedent were not contriving or scheming in order to effect her being named as a beneficiary.

## Conclusions of Law

1. Section 5524 of the Probate, Estates and Fiduciaries Code, 20 Pa. C.S.A. §5524, provides as follows:

> "An incompetent shall be incapable of making any contract or gift or any instrument in writing after he is adjudged incompetent and before he is adjudged to have regained his competency . . ."

2. Warren Bonawitz was adjudged incompetent and never adjudged to have regained his competency.

3. When the maker of an instrument has been adjudged incompetent, the burden shifts to the proponents of the instrument to prove testamentary capacity.

4. The designation of a revocable beneficiary on a life insurance policy is testamentary in nature.

5. The statute in question was designed to protect incompetents from overreaching in everyday business affairs. It was not intended to strip such persons of all rights to enjoy and to dispose of their property. The plaintiffs have neither alleged nor proven that Frances A. Runkle Ofak exerted undue influence or overreaching in the instant case.

6. At the time Warren D. Bonawitz designated Frances A. Runkle Ofak as beneficiary under the employee group life insurance policy, he had the requisite testamentary capacity.

7. Frances A. Runkle Ofak is legally entitled to the life insurance proceeds.

We, therefore, enter the following

### Decree Nisi

And Now, June 8, 1981, a decision is entered in favor of the defendant, Frances A. Runkle Ofak, and the action by the plaintiffs, Ida M. Fulkroad and Carl F. Bonawitz, administrators of the estate of Warren D. Bonawitz, deceased, is dismissed.

Within ten days after the filing of this adjudication, exceptions may be filed by any party to rulings or objections to evidence, to statements or findings of fact, to conclusions of law or to a failure to find any matter of fact or law as requested, or to the decree nisi.

If no exceptions are filed within the ten day period, the decree nisi shall be entered by the prothonotary of Dauphin County on praecipe as the final decree.